UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**DARYISE L. EARL,**

    **Plaintiff,**

    v.        Case No. 10-C-247

**RACINE COUNTY JAIL, ROBERT D. CARLSON,
JAMES SHERIFF, SGT JENNINGS, and
JOHN DOES, sued as John and Jane Does 1-10.,**

    **Defendants.**

### ORDER

Plaintiff, who is incarcerated at Green Bay Correctional Institution, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. He has paid the full filing fee.

Regardless of plaintiff's fee status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at

327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual

2

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

According to the complaint, on February 9, 2007, after plaintiff was found guilty of first degree homicide and armed robbery, Deputies Burns and Sutton escorted him from the court to a holding cell where Sergeant Jennings and another officer informed him that he would be stripped of his clothes and placed in suicide clothes on suicide watch. Plaintiff refused to surrender his clothes and told Sergeant Jennings that he had not done anything to warrant placement on suicide watch. Sergeant Jennings informed plaintiff that as of January 1, 2007, a new policy was in place that required all prisoners who were convicted of a serious crime to be placed on suicide watch until they could be evaluated by a psychiatrist. Plaintiff felt that Sergeant Jennings was lying and still refused to surrender his clothes. Sergeant Jennings left and returned later accompanied by officers in riot gear and informed plaintiff that he had one last chance to surrender his clothes or they would

3

be taken by force. Plaintiff then decided to surrender his clothes and was then transferred to the suicide unit.

On February 11, 2007, plaintiff woke up with "a bad allergic reaction from the suicide clothes that left his body covered with bumps." (Compl. ¶ 16.) He informed Officer Smith, who looked at the plaintiff's body and immediately telephoned the nurse. The nurse came right away and gave plaintiff a prescription plus ointment to control the irritation. At this time, plaintiff found out that he was not being held on suicide watch because of a new policy but because it was alleged that he had threatened the deputies who escorted him from the court to the holding cell.

On February 12, 2007, Deputies Burns and Sutton promised plaintiff that they would check into the matter to clear his name and get him off suicide watch. On the same day, a jail psychiatrist informed plaintiff that he did not feel plaintiff was suicidal and that he would recommend that plaintiff be removed from suicide watch. The psychiatrist also informed plaintiff that the Racine County Jail had him on a restriction to serve one mandatory week on suicide watch. The captains, lieutenants, and sergeants of the Racine County Jail refused to come see the plaintiff about the incident.

Once plaintiff was done serving his mandatory week on suicide watch he was placed in the segregation unit. Over a period of about three weeks, plaintiff wrote numerous complaints to Captain James Scherff, Lieutenant Petkovich, Sergeant Jennings, and other captains and sergeants. His complaints were not taken seriously or looked into until March 1, 2007, when plaintiff saw Lieutenant Petkovich and explained to him that he was being denied a disciplinary hearing on the charges/allegations because they were false. Plaintiff told Lieutenant Petkovich to ask Deputies Burns and Sutton about what really happened

4

Case 2:10-cv-00247-LA   Filed 05/14/10   Page 4 of 7   Document 5

on February 9, 2007, and a few days later plaintiff was released back into the general population within the jail.

Two years later, on or about March 18, 2009, plaintiff was transferred back to the Racine County Jail for court and was placed in the segregation unit, which plaintiff contends was "further punishment" relating to the "false charges/allegations of March 9, 2007." (Compl. ¶ 24.) It is not entirely clear what plaintiff means when he speaks of the "false charges/allegations of March 9, 2007," but presumably he means the allegation that, on February 9, 2007, he threatened the officers who escorted him from the courthouse to the jail.

Plaintiff claims that defendants were deliberately indifferent to his serious medical needs and that defendants fabricated the charges against him and then denied plaintiff a disciplinary hearing on the charges, in violation of plaintiff's rights under the Eighth Amendment and the due process clause of the Fourteenth Amendment. He seeks compensatory damages.

A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007); Farmer v. Brennan, 511 U.S. 825, 834 (1994); Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim based on inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." Edwards, 478 F.3d at 830 (quoting Greeno, 414 F.3d at 653). The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the

5

risk." Greeno, 414 F.3d at 653 (citing Farmer, 511 U.S. at 834). In this case, plaintiff alleges that after he complained about an allergic reaction to the suicide clothes, an officer called the nurse right away who immediately came to see plaintiff and prescribed medication. Plaintiff's allegations describe that he was treated promptly, not with deliberate indifference, and therefore the complaint does not state an Eighth Amendment claim.

Regarding plaintiff's due process claim, plaintiff does not have a liberty interest in remaining in the general jail population, i.e., in not being placed on suicide watch or in segregation for the short period of time alleged in the complaint. See Marion v. Columbia Correctional Inst., 559 F.3d 693, 697-98 (7th Cir. 2009); Townsend v. Fuchs, 522 F.3d 765, 766, 771-72 (7th Cir. 2008). Thus, his placement on suicide watch and in segregation in February 2007 and March 2009 does not give rise to a due process claim, even if such placement was the result of false charges made against him by officers. Hoskins v. Lenear, 395 F.3d 372, 375 (7th Cir. 2005) (placement in segregation for short period does not result in deprivation of liberty interest even if placement was the result of fabricated evidence).

**IT IS THEREFORE ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 13 day of May, 2010.

/s_____
LYNN ADELMAN
District Judge