# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARYISE L EARL,

     Plaintiff,

v.                                            Case No. 10-C-247

RACINE COUNTY JAIL, ROBERT D CARLSON,
JAMES SHERIFF, SGT JENNINGS, and
JOHN DOES, sued as John and Jane Does 1-10,

     Defendants.

## DECISION AND ORDER

On May 14, 2010, I dismissed plaintiff's pro se prisoner civil rights complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. The complaint claimed that defendants were deliberately indifferent to plaintiff's serious medical needs and that defendants fabricated charges against plaintiff that resulted in his placement in segregation for about three weeks and then denied him a disciplinary hearing on the charges. (Court's Order of May 14, 2010, at 3-6.) The complaint's allegations described that plaintiff was treated promptly, not with deliberate indifference, and therefore I determined that the complaint did not state an Eighth Amendment medical-care claim. In addition, plaintiff's alleged placement on suicide watch and in segregation did not give rise to a due process claim, even if such placement was the result of false charges made against him by officers. Hoskins v. Lenear, 395 F.3d 372, 375 (7th Cir. 2005).

On May 27, 2010, plaintiff filed a motion for leave to file an amended complaint in which he requested that the court give him the opportunity to amend the complaint. He did not identify the allegations he would have added to the complaint or explain how additional

allegations could have cured the defects that resulted in the complaint's dismissal. I therefore determined that granting leave to amend would have been futile and denied the motion.

On June 15, 2010, plaintiff filed a motion asking me to reconsider my denial of his motion to amend the complaint. In his motion, plaintiff explains that because of "complications" in getting access to his prison's law library, he felt compelled to file his motion to amend the complaint without explaining how the defects I identified in the original complaint could be cured through amendment. In his current motion, plaintiff includes such an explanation, and after reviewing plaintiff's explanation I find that it is <u>possible</u> that granting leave to file an amended complaint would not be futile. Further, because plaintiff is proceeding pro se and his failure to properly argue his motion to file an amended complaint seems to have been caused by his lack of access to the law library, I will now grant plaintiff leave to file an amended complaint.

Because I am granting leave to file an amended complaint, I will vacate the judgment entered on May 14, 2010 and reopen this case. However, plaintiff is reminded that I will have to screen his amended complaint pursuant to 28 U.S.C. § 1915A. After screening the amended complaint, I may determine that it, too, fails to state a claim on which relief may be granted. If I find that the amended complaint fails to state a claim on which relief may be granted, I will not grant plaintiff further leave to amend. Therefore, plaintiff is advised to adequately research his claims and carefully consider his allegations before filing his amended complaint.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for reconsideration is **GRANTED**. The judgment dismissing this case entered on May 14, 2010 is **VACATED**.

**IT IS FURTHER ORDERED** that plaintiff has leave to file an amended complaint.

The amended complaint must be filed within **45 DAYS** of the date of this order.

Dated at Milwaukee, Wisconsin, this 28 day of June, 2010.

/s_____
LYNN ADELMAN
District Judge