UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARYISE L. EARL,

    Plaintiff,

  v.                                                                            Case No. 10-CV-247

RACINE COUNTY JAIL, ROBERT D. CARLSON,
JAMES SHERIFF, SGT. JENNINGS,
and JOHN DOES,

    Defendants.

## ORDER

On September 28, 2011, plaintiff filed a motion to compel discovery. Plaintiff asserts he submitted his second request for interrogatories and request for production of documents to defendants on July 21, 2011, but received no response. However, defendants subsequently filed a letter stating they mailed the discovery responses to plaintiff on September 9, 2011. Thus, plaintiff's September 8, 2011, motion to compel will be denied as moot.

On October 3, 2011, plaintiff filed a second motion to compel discovery in which he objects to several of defendants' responses to his July 21, 2011 discovery requests. In response, defendants contend that plaintiff's second motion to compel discovery violates Federal Rule of Civil Procedure 37 because he did not certify he attempted to confer with them with respect to his dispute of the sufficiency of their responses. Defendants also state that they stand by their objections and answers to plaintiff's requests as written, but will supplement the responses to the extent plaintiff clarifies the information he seeks. Plaintiff

filed a letter on October 12, 2011, clarifying his objection to Interrogatory No. 3.[1] I agree with plaintiff that Interrogatory No. 3 is not vague or ambiguous; defendants should answer the interrogatory or provide a more specific objection. See Fed. R. Civ. P. 33(b)(4). However, I will not rule on plaintiff's remaining objections to defendants' discovery responses because he has not certified that he attempted to resolve the issue with defendants first. See Fed. R. Civ. P. 37(a)(1) (motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"). Accordingly, plaintiff's second motion to compel discovery will be denied without prejudice.

Plaintiff has filed a motion for reconsideration of appointment of counsel, which I construe as a renewed request for counsel. He asserts he has been unable to identify the John Doe defendants because defendants have been evasive in their responses to his discovery requests. As an initial matter, plaintiff previously demonstrated he attempted to obtain legal counsel on his own. However, his filings are of a very high quality and reveal that he may still proceed on his own at this time. Moreover, the discovery issues are ongoing and if, after conferring with defendants, plaintiff is still unable to identify the John Doe defendants, he may seek assistance from the court. See Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 821-22 (7th Cir. 2009) (quoting Billman v. Ind. Dep't of Corr., 56 F.3d 785, 789-90 (7th Cir. 1995)). Thus, plaintiff's motion to appoint counsel will be denied without prejudice.

Finally, plaintiff has filed a request to extend the discovery deadline pending a decision on his motion for appointment of counsel. The deadline for the completion of

---

[1] INTERROGATORY NO. 3: State the full name and contact information of Officer Smith.
RESPONSE NO. 3: OBJECTION. This interrogatory is vague and ambiguous.

2

discovery was October 14, 2011, and the dispositive motion filing deadline is November 14, 2011. Neither party seeks to conduct additional discovery and therefore there is no need to extend the discovery deadline. However, there is an ongoing discovery dispute and, under the circumstances, I will extend the dispositive motion filing deadline to December 19, 2011.

**IT IS THEREFORE ORDERED** that plaintiff's motion for order compelling discovery (Docket #28) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket #32) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's second motion for an order compelling discovery (Docket #33) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (Docket #35) is **GRANTED IN PART AND DENIED IN PART** as described herein.

**IT IS FURTHER ORDERED** that the dispositve motion filing deadline is **December 19, 2011**.

Dated at Milwaukee, Wisconsin, this 27th day of October 2011.

s/
LYNN ADELMAN
District Judge